■ ALDONA GERULAITIS, Respondent, v RECREATIONAL CONCEPTS, INC., et al., Defendants, and TELEDYNE LAARS, INC., Appellant. (And a Third-Party Action.) [744 NYS2d 711] —In an action to recover damages for wrongful death, the defendant Teledyne Industries, Inc., sued herein as Teledyne Laars, Inc., appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated July 26, 2000, which denied its motion pursuant to CPLR 3124 and 3126 to compel discovery. By letter dated February 28, 2002, counsel for the appellant notified this Court that the portion of the case involving it had been settled, and that the appeal, which was scheduled to be on the calendar for March 11, 2002, was being withdrawn. The stipulation of discontinuance of the action insofar as asserted against the appellant is dated August 20, 2001.

Ordered that the appeal is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the parties to the appeal and/or their counsel are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against them pursuant to 22 NYCRR 670.2 (g) as this Court may deem appropriate, by filing affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on all parties to the appeal on or before July 19, 2002; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve counsel for the appellant and the respondent with a copy of this decision and order by regular mail.

22 NYCRR 670.2 (g) provides, in relevant part, that "[i]f a cause or the underlying action is wholly or partially settled * * * the parties or their counsel shall immediately notify the court," and "[a]ny attorney or party who, without good cause shown, fails to comply with the requirements of this subdivision shall be subject to the imposition of such costs and/or sanctions as the court may direct." Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.